THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**NICHOLAS FRAZIER**                                                                 **PLAINTIFF**

v.                                        **Case No. 4:20-cv-00434-KGB**

**WENDY KELLEY,** *et al.*                                                 **DEFENDANTS**

**ORDER**

Before the Court is a motion to stay discovery filed by defendants Wendy Kelley, Secretary of the Arkansas Department of Corrections ("DOC"); Dexter Payne, Division of Correction Director, Arkansas Department of Corrections ("ADC"); Jerry Bradshaw, Division of Community Correction Director, Arkansas Department of Corrections ("ADCC"); Asa Hutchinson, Governor of Arkansas; Benny Magness, Chairman of Arkansas Board of Corrections ("ABC"); Bobby Glover, Vice Chairman of ABC; John Felts, Member of ABC; William "Dubs" Byers, Member of ABC; and Whitney Gass, Member of ABC, all in their official capacities (collectively, "defendants") (Dkt. No. 69). Also pending before the Court is an emergency motion for initial scheduling order filed by plaintiffs Nicholas Frazier, Alvin Hampton, Marvin Kent, Michael Kouri, Jonathan Neeley, Alfred Nickson, Harold "Scott" Otwell, Trinidad Serrato, Robert Stiggers, Victor Williams, and John Doe, individually and on behalf of all others similarly situated (collectively, "plaintiffs") (Dkt. No. 70). For the following reasons, the Court denies defendants' motion to stay discovery and grants plaintiffs' emergency motion for initial scheduling order (Dkt. Nos. 69; 70).

      **I.**     **Defendants' Motion To Stay Discovery**

Defendants move to stay the Rule 26(f) conference deadline and all discovery pending a final decision on their forthcoming motion to dismiss pursuant to Rule 26(c) of the Federal Rules

of Civil Procedure and Local Rule 7.2 (Dkt. No. 69, at 1).  Defendants state their intention to file a motion to dismiss asserting the defense of sovereign immunity on behalf of Governor Hutchinson as to all claims and as to all defendants with respect to plaintiffs' request for declaratory judgment; assert that plaintiffs' complaint fails to state any claim upon which relief can be granted as to all defendants; and believe that dismissal of the entire case will be appropriate under the Eleventh Amendment and Federal Rule of Civil Procedure 12(b) (*Id.*, ¶ 3).  Defendants maintain that a stay of discovery would have the following effects:  promote the interests of judicial economy and efficiency until this Court has ruled on the forthcoming motion to dismiss and that decision becomes final; preserve the parties' resources and maintain the status quo until the Court decides whether this case may proceed on the merits at all and, if so, the nature and scope of such claims; and preserve defendants' immunity from suit, which defendants allege would be effectively lost if discovery were permitted to proceed at this time (*Id.*, ¶¶ 6-8).  Defendants argue that plaintiffs will suffer no prejudice if a stay is entered (*Id.*, ¶ 9).

At this stage of the litigation, having reviewed the authorities cited by defendants and all filings in this case, the Court denies defendants' motion to stay discovery (Dkt. No. 69).  The Court will take up defendants' anticipated motion to dismiss when that motion is filed, but discovery should proceed as envisioned by the Federal Rules of Civil Procedure on the record before this Court.

## II.     Plaintiffs' Emergency Motion For Initial Scheduling Order

Plaintiffs state that Federal Rule of Civil Procedure 26(f) provides, in part, that parties must confer "as soon as practicable—and in any events at least 21 days before . . . a scheduling order is due under Rule 16(b)" (Dkt. No. 70, ¶ 1).  Plaintiffs state that a scheduling order is due no later

than 60 days after defendants appeared, unless the Court finds good cause for delay, per Federal Rule of Civil Procedure 16(b)(2) (*Id.*, ¶ 2).

Plaintiffs' complaint in this matter was filed on April 21, 2020 (Dkt. No. 1). Defendants appeared on April 23, 2020 (Dkt. No. 13). The Court has not yet found good cause for delaying the issuance of a scheduling order. Accordingly, the scheduling order in this matter is currently due on June 22, 2020, and the Federal Rules of Civil Procedure contemplate that the Rule 26(f) conference must occur no later than June 1, 2020 (Dkt. No. 70, ¶ 4). Plaintiffs state that they have attempted to schedule a Rule 26(f) conference on June 1, 2020, and plaintiffs assert that defendants have objected to conducting a Rule 26(f) conference until the resolution of a motion to dismiss that they have not yet filed (*Id.*, ¶ 5). Plaintiffs note that defendants have filed the above-referenced motion to stay discovery and argue that this motion is meritless and should be denied (*Id.*, ¶¶ 7-8). Plaintiffs ask this Court to issue an initial scheduling order governing this matter so that the Rule 26(f) conference may proceed (*Id.*, ¶ 10).

For good cause shown, the Court grants plaintiffs' emergency motion for initial scheduling order (Dkt. No. 70). The Court will enter an initial scheduling order by separate order.

### III. Conclusion

For the above reasons, the Court denies defendants' motion to stay discovery and grants plaintiffs' emergency motion for initial scheduling order (Dkt. Nos. 69; 70).

It is so ordered, this the 4th day of June 2020.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge