## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF ARKANSAS, CENTRAL DIVISION

| | | |
|---|---|---|
| **FRAZIER,** *et al.* | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | |
| | ) | |
| **GRAVES,** *et al.* | ) | **Judge Kristine G. Baker** |
| | ) | |
| **Defendants.** | ) | **Case No. 4:20-cv-434** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## AMENDED JOINT RULE 26(f) REPORT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Rule 26.1 of the Local Rules of the United States District Court for the Eastern District of Arkansas, the parties to this case, by and through their respective counsel, hereby submit this Amended Joint Rule 26(f) Report.

Meeting of the parties' representatives was held by telephone on August 24, 2020 and was attended by the following:

For the Plaintiffs: Omavi Shukur and Jin Hee Lee.

For the State Defendants: Jennifer Merritt and Jerry Garner.

For Wellpath, LLC ("Wellpath"): Jeffrey W. Hatfield.

**(1) Changes in timing, form, or requirements of mandatory disclosures under Fed. R. Civ. P. 26(a).**

**Plaintiffs' Position:** Mandatory disclosures will be exchanged pursuant to Fed. R. Civ. P. 26(a). Plaintiffs only seek relief for a sub-class of Plaintiffs. Furthermore, in addition to seeking release of individuals, Plaintiffs also seek relief pursuant to Section 1983 and the Americans with Disabilities Act. These claims are not exempt from initial disclosures, pursuant to Rule 26. Defendants do not assert that they have produced all documents that should be produced pursuant

1

to Rule 26(a), thus satisfying their obligation under the Rule. To the extent that Defendants would need to reproduce documents that have already been produced, they may simply identify those documents, as opposed to reproducing them. Defendants' arguments that the production of initial disclosures should be delayed until the Court has ruled on their motion to dismiss are repetitive of their arguments that discovery should be stayed. The Court has already rejected this argument.

**Defendants' Position:** Defendants object to mandatory initial disclosures under the circumstances of this case. This proceeding is exempt from initial disclosures in light of Plaintiffs' habeas claim. *See* Fed. R. Civ. P. 26(a)(1)(B)(iii). Defendants further object to making any initial disclosures in light of the procedural posture of this case, where the evidentiary record contains many documents that identify the individuals likely to have discoverable information that the Defendants may use to support their defenses and the subjects of that information, and Plaintiffs are already in possession of copies of many of the documents that the Defendants may use to support their defenses. Furthermore, even if initial disclosures were appropriate and Plaintiffs were not already in possession of the information that Defendants would disclose pursuant to Fed. R. Civ. P. 26(a)(1)(A), the State Defendants would object to making initial disclosures in this action until after the Court rules on their pending motion to dismiss and, if any of the Plaintiffs' claims survive, until after the Defendants file their answer. The motion to dismiss raises significant threshold issues regarding the State Defendants' sovereign immunity from both liability and suit in this action and Plaintiffs' failure to state facts that support any cognizable legal claim. In light of the Court's initial rulings on some of these issues at the preliminary-injunction stage, in which the Court found no likelihood of success on the merits, the Court should decline to order Defendants to make mandatory initial disclosures. Defendants propose no further changes in timing, form, or requirements of other mandatory disclosures in Rule 26(a).

2

**(2)  Date when mandatory disclosures were or will be made.**

**Plaintiffs' Position:** Pursuant to Fed. R. Civ. P. Rule 26(a)(1)(A)-(C), mandatory initial disclosures should have been exchanged on June 25, 2020. As that date is no longer practicable, Plaintiffs propose it be done by September 8, 2020, or as otherwise set pursuant to stipulation or court order.

**Defendants' Position:** Defendants object to mandatory initial disclosures. *See* Defs.' Resp. to No. 1, *supra.* Defendants respectfully submit that if the Court requires initial disclosures in this case, that they be due on or after September 22, 2020.

**(3)  Subjects on which discovery may be needed**.

**Plaintiffs' Position:** Plaintiffs will conduct discovery regarding all aspects of the claims and allegations in Plaintiffs' Complaint, and Defendants' defenses, including without limitation witnesses, liability, requested relief, and any matters for which the need may arise during discovery. The subjects on which discovery may be needed include:

a.  Defendants' efforts to prevent and mitigate the spread of COVID-19 in Arkansas Department of Correction (DOC) correctional facilities, including but not limited to measures related to cleaning protocol, testing, medical isolation, medical treatment, social distancing, and training, supervision, reprimand, or discipline of correctional officers who act in contravention of said policies and practices;

b.  Defendants' policies and practices related to preventing and mitigating the spread of infectious diseases in DOC correctional facilities, including but not limited to cleaning protocol, testing, medical isolation, medical treatment, social distancing, and training, supervision, reprimand, or discipline of correctional officers who act in contravention of said policies and practices;

c.  Defendants' knowledge of any deficiencies in their policies and practices or their implementation, and any actions taken to address these deficiencies;

d.  The facts and circumstances surrounding the spread of COVID-19 in DOC correctional facilities;

e.  Defendants' acts and omissions amid the outbreak of COVID-19 in DOC correctional facilities;

f.  The timing and quality of medical care provided to people incarcerated in DOC correctional facilities who exhibit symptoms of COVID-19 or test positive for COVID-19;

g.  The investigation of the causes of the outbreak of COVID-19 in DOC correctional facilities; and

h.  The identification of people with disabilities, elderly, and medically vulnerable people incarcerated in DOC correctional facilities.

Defendants incorrectly claim that Plaintiffs may not conduct discovery regarding those facilities at which individual named Plaintiffs are not incarcerated. They present no support justifying this novel position. Plaintiffs' class claims concern all DOC facilities and members of the putative class are incarcerated at all DOC facilities. Furthermore, Plaintiffs specifically allege that common policies and practices applicable to all DOC facilities expose Plaintiffs to a substantial risk of serious harm. Evidence presented by both parties in response to Plaintiffs' motion for a preliminary injunction established the existence of these policies and practices. Limiting discovery, as Defendants request, not only has no basis in the law, but would prevent Plaintiffs as a basic matter from uncovering the evidence necessary to prove their claim. Accordingly, it is well-established that Plaintiffs may conduct discovery regarding putative class members, even before a class is certified, so long as it is directed to evidence in support of a motion for class certification. *See e.g. Cox v. Aero Automatic Sprinkler Company*, No. 5:14–cv–02723–EJD, 2015 WL 3658031 (N.D. Cal. Jun. 12, 2015) ("Because of Rule 23's requirement that court's undertake a "rigorous analysis" of the facts in deciding whether to certify a class, plaintiffs are entitled to probe putative class members to support claims of commonality and typicality.").

Defendants also incorrectly claim that information or documents covered by the federal Health Information Portability and Accountability Act of 1996 (HIPAA) are confidential, privileged, and not discoverable without the patients' consent. In fact, HIPAA provides no such discovery bar because it does not create a federally recognized evidentiary privilege. *Northwestern*

*Memorial Hosp. v. Ashcroft,* 362 F.3d 923, 926 (7th Cir.2004) (recognizing that the federal common law does not recognize a physician-patient privilege and holding that HIPAA regulations do not create such a privilege under federal law). "Moreover, HIPAA contains a litigation-use exception pursuant to which disclosures may be permitted when a qualified protective order is in place." *In re Nat'l Hockey League Players' Concussion Injury Litig.*, 120 F. Supp. 3d 942, 953 (D. Minn. 2015) (citing 45 C.F.R. § 164.512(1)(e)(ii)(b)). As Defendants note below, that the parties are currently negotiating the terms of an agreed proposed protective order. Instead of barring discovery of information covered by HIPAA, the parties should agree to terms on the proposed protective order, which will ensure that said information will be treated as confidential by the parties.

Finally, Defendants incorrectly claim that discovery should be limited to ADC and the ACC when the circumstances presented by this matter indicate that Plaintiffs are entitled to seek discovery beyond ADC and the ACC. For example, the Arkansas Board of Corrections ("BOC") is charged with "governing and supervising the administration of the state correctional institutions." Ark. Code Ann. § 25-43-401(b)(2). Similarly, DOC is charged with maintaining and administering Arkansas's correctional institutions and "coordinat[ing] the policies promulgated by the [BOC] for the administration of personnel." Ark. Code Ann. § 25-43-401(c)(1), (d)(2). Meanwhile Defendant José Romero is responsible for the provision of public health guidance and directives in the State of Arkansas, including without limitation public health guidance and directives with respect to the response to the COVID-19 pandemic in DOC facilities. *See* Ark. Dept.     of     Health,     Face     Coverings     Directive, https://www.healthy.arkansas.gov/images/uploads/pdf/Face_Covering_DirectiveAmendFinal8.2 6.20.pdf. Importantly, Plaintiffs' claims in this matter challenge, in part, the failures of governance,

guidance and administration of DOC correctional institutions and in the supervision of the personnel who work in said institutions. It follows that documents, testimony, and evidence beyond the purview of ADC is necessarily discoverable, and, therefore, discovery should not be limited to ADC.

**Defendants' Position:** By executing this Report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein, or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein. Subject to the foregoing, Defendants will conduct discovery regarding all aspects of the claims and allegations in Plaintiffs' Complaint and Defendants' defenses, including without limitation witnesses, liability, requested relief, and any matters for which the need may arise during discovery. Discovery should be limited to the specific facilities within the Arkansas Division of Correction (ADC) and the Arkansas Division of Community Correction (ACC) at which the named Plaintiffs are housed unless and until a class of Plaintiffs that includes all inmates incarcerated at all ADC facilities as well as residents at all ACC facilities is certified. Defendants object to discovery of information and documents that would violate the regulations implementing the federal Health Information Portability and Accountability Act of 1996 (HIPAA). *See* 45 C.F.R. §164.502(b) and §164.514(d). HIPAA and the regulations promulgated in connection with HIPAA prohibit health care providers from disclosing any individually identifiable health information "without the patient's written consent." *See* 45 C.F.R. §§164.502(b) and 164.514(d). Moreover, information or documents pertaining to putative class members are confidential and privileged pursuant to HIPAA.

Defendants reserve their right to assert additional objections to Plaintiffs' discovery requests pursuant to the Federal Rules of Civil Procedure.

**(4) Whether any party will likely be requested to disclose or produce information from electronic or computer-based media.**

At this time, Defendants do not anticipate seeking the production of information from electronic or computer-based media, but they reserve the right to do so. The Plaintiffs may seek discovery of computer-based information and so further state:

**a.      whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business'**

Without waiving appropriate objections, it is anticipated that any information will be information kept by parties in the ordinary course of business.

For purposes of this litigation, the parties need not preserve, produce, or create a privilege log for any document that was created by, and exchanged solely among, either side's attorneys or the attorneys' staff.

**b.      the anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business'**

**Plaintiffs' Position:** Should production of such data become necessary, the parties will timely inform the Court if they cannot agree on the cost allocation of such production.

**Defendants' Position:** The requesting party should bear the cost of any production of data beyond what is reasonably available to the responding party in the ordinary course of business. This specifically includes, but is not limited to, the cost of production of any videos or video data files requested by Plaintiffs. Defendants reserve all proportionality objections with regard to requests for production of electronic data.

**c.      the format and media agreed to by the parties for the production of such data as well as agreed procedures for such production'**

**Plaintiffs' Position:** The parties will produce discoverable electronically stored information in TIFF format and media or in a format that is otherwise mutually agreeable to the parties, but that at a minimum preserves all accompanying metadata and embedded data.

Data for production may be delivered via email to the extent practicable, or via USB flash storage media.

**Defendants' Position:** Without waiving appropriate objections, to the extent discoverable information is stored electronically, the parties will produce it in the form in which it is ordinarily maintained or in a reasonably useable form in accordance with Fed. R. Civ. P. 34(b).

**d.      whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise' and**

**Plaintiffs' Position:** The parties agree to comply with applicable rules concerning preservation of records. The parties request of each other that all potentially discoverable data be preserved from alteration or destruction in the ordinary course of business or otherwise.

Further, Plaintiffs specifically request that Defendants preserve camera footage showing the housing units and communal spaces where Plaintiffs are housed from February 1, 2020, even if such evidence is routinely destroyed in the ordinary course of business. Defendants have objected to Plaintiffs' request to such camera footage' however, this evidence should be preserved until ruled on by the court.

**Defendants' Position:** Defendants have taken reasonable measures to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise.

      **e.**    **other problems which the parties anticipate may arise in connection with electronic or computer-based discovery.**

None at this time.

**(5)**  **Date by which discovery should be completed.**

**Plaintiffs' Position:** A single period during which class and merits discovery will be conducted simultaneously on all DOC facilities, regardless of whether individual named plaintiffs are incarcerated there. However, Plaintiffs object to submitting their motion for class certification before this singular discovery period is complete. In support of this argument, Defendants cite Local Rule 26.1(13), which contains an ostensibly nonbinding parenthetical that notes "In the typical case, the deadline for filing motions for class certification should be no later than ninety (90) days after the Fed. R. Civ. P. 26.(f) conference." However, this matter, a systemwide, statewide class action litigated during a once-in-a-century pandemic, is far from "a typical case." The complex subjects of discovery are only made more cumbersome by Plaintiffs' counsel's inability to readily access information regarding putative class members due to pandemic-related restrictions on travel, visitation and communications. The amount of time Plaintiffs have to submit their class certification motion should, therefore, be greater than the time allotted in a typical case, and should extend beyond the close of the discovery period. Otherwise, the parties will not be able to present to the Court all information relevant to its decision regarding class certification.

In addition, Plaintiffs object to combining expert discovery with fact discovery. It is the regular and accepted practice for a parties' expert reports to not be due until fact discovery is complete so that an expert report may consider all relevant evidence in composing their report. Combining expert discovery with fact discovery would leave the parties with two unworkable options; either filing a report without all of the necessary information, or collecting expert

9

discovery without an expert report. Neither of these is in the best interests of the Court or either party. Expert reports and depositions that are informed by the entirety of the fact discovery will be more complete, and thus more accurate and helpful during the Court's deliberation of dispositive motions, if any.

Defendants' argument that the previously set trial date should be delayed for almost six additional months is wrong for three reasons. Contrary to Defendants' claims, the addition of named plaintiffs or additional defendants does not expand the scope of the case in any meaningful way. Plaintiffs' claims, as well as their scope, remain exactly the same as they have been since the start of the case. The additional plaintiffs, and defendants named would have been involved in the case regardless of whether they were named. The additional named plaintiffs would have been members of the Plaintiff class, while third-party discovery would have been sought from the new defendants. The additional defendants were added to foreclose any defense from DOC that they were not responsible for the inhumane conditions in DOC facilities. Their addition does not add any additional significant questions of fact or law. Second, the impact of these additions is further decreased by the fact that almost three months remain before the anticipated close of discovery. The parties have yet to exchange initial disclosures and State Defendants have not even responded to Plaintiffs' First Request for the Production of Documents. Finally, the proposed delay is particularly inappropriate in light of the fact that COVID-19 continues to rapidly spread throughout DOC facilities. Since June 1, COVID-19 has spread from just the Cummins Unit to the Wrightsville Unit, the Delta Regional Unit, the Ouachita River Correctional Unit, and the Randall L. Williams Correctional Facility. Coronavirus in the U.S.: Latest Map and Case Count, N.Y. TIMES, Aug. 28, 2020, https://www.nytimes.com/interactive/2020/us/coronavirus-us-cases.html. As

of August 28, 2020, the Ouachita River Correctional Unit still had the 10th largest outbreak among correctional facilities nationwide. *Id.*

Plaintiffs propose the following schedule for discovery, motions practice and trial:

| | |
|---|---|
| June 12, 2020 | Beginning of Discovery |
| November 13, 2020 | Close of Discovery |
| November 27, 2020 | Date for Plaintiffs' Motion for Class Certification |
| December 4, 2020 | Date of Case-in-Chief Expert Disclosures |
| December 18, 2020 | Date of Rebuttal Expert Disclosures |
| January 27, 2021 | Close of Expert Discovery |
| April 5, 2021 | Trial |

**State Defendants' Position:** State Defendants no longer believe the proposed April 5, 2021, trial date and other proposed deadlines in the Court's proposed Final Scheduling Order are workable due to Plaintiffs' significant expansion of the case when they amended their complaint and added new ADC Plaintiffs, added ACC Plaintiffs for the first time, and added new Defendants, Arkansas Secretary of Health Jose Romero and Wellpath. Given the vast amount of written discovery to be done and the large number of depositions that will need to be taken—and the fact that visitation (and thus the ability to take depositions) at ADC facilities remains suspended until at least October 1, 2020—State Defendants believe the Court should issue an amended proposed Final Scheduling Order with a new trial date in the fall of 2021 or later. The State Defendants believe the parties should then confer and submit a second amended Rule 26(f) Report regarding their positions on the Court's new proposed dates and deadlines.

If the Court declines to amend the proposed Final Scheduling Order and maintains the April 2021 trial date, then the State Defendants object to Plaintiffs' proposal to bifurcate the fact and

expert discovery periods. In that event, the State Defendants prefer that all discovery be completed no later than January 20, 2021, as set forth in the Court's proposed Final Scheduling Order. Furthermore, Plaintiffs' motion for class certification should be filed on or before September 9, 2020, pursuant to Local Rule 26.1(13).

**Wellpath's Position:** Wellpath objects to Plaintiffs' proposal to bifurcate the fact and expert discovery periods and prefers that all discovery be completed no later than January 20, 2021, as set forth in the Court's proposed Final Scheduling Order. Furthermore, Plaintiffs' motion for class certification should be filed on or before September 9, 2020, pursuant to Local Rule 26.1(13).

**(6)   Any needed changes in limitations imposed by the Federal Rules of Civil Procedure.**

**Plaintiffs' Position:** Plaintiffs request the Court enter an order providing that there shall be a maximum of 35 interrogatories by Plaintiffs to all Defendants, and a maximum of 35 interrogatories by Defendants to all Plaintiffs. Plaintiffs request that the Court enter an order providing that there shall be a maximum of 20 depositions by all Plaintiffs and 20 depositions by all Defendants without leave of Court. The parties' consent to the electronic service of all documents at the e-mail addresses at which they receive ECF filings in this case.

**Defendants' Position:** Defendants consent to the electronic service of all documents at the e-mail addresses at which they receive ECF notifications in this case. Defendants propose no other changes in limitations imposed by the Federal Rules of Civil Procedure, except as agreed to herein.

**(7)   Any orders, e.g., protective orders, which should be entered.**

**Plaintiffs' Position:** Plaintiffs seek a protective order covering certain sensitive information (e.g. sensitive information concerning DOC employees and incarcerated persons).

**Defendants' Position:** Without waiving all appropriate objections, Defendants agree that a protective order should be entered before confidential, sensitive, and/or protected health information is disclosed or produced in this case. The Parties are negotiating the terms of an agreed protective order and will submit that to the Court for approval as soon as practicable.

**(8)   Any objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action.**

**Plaintiffs' Position:** None.

**Defendants' Position:** Yes. *See* Defs.' Resp. to No. 1, *supra.*

**(9)   Objections to the proposed trial date.**

**Plaintiffs' Position:** As discussed above, Plaintiffs believe that a delay of the trial until October 2021 is inappropriate in light of the unchanged scope of the case, the time remaining before the proposed close of discovery, and the rapid rate at which COVID-19 continues to speed through DOC facilities. If the Court finds a delay necessary in light of the conflict discussed by counsel for Wellpath, Plaintiffs request that trial be set for March 2021.

**Defendants' Position:** Counsel for Wellpath is currently set for trial in the case of *Bill Cantrell, as Special Administrator of the Estate of Ruby Minks, deceased, and on behalf of the wrongful death beneficiaries of Ruby Minks v. Chapel Ridge Nursing Center, LLC, et al.*, Sebastian County Circuit Case No. CV-18-1173, in a first-out position before the Honorable James Cox beginning on April 5, 2021. The State Defendants also object to the proposed trial date for the reasons explained in their response to No. 5 above. **Proposed deadline for joining other parties and amending the pleadings.**

October 13, 2020, as set forth in the Court's proposed Final Scheduling Order.

**(10)   Proposed deadline for completing discovery.**

**Plaintiffs' Position:**

- Class and Merits discovery cut-off is November 13, 2020

- Expert witness disclosures are due December 4, 2020

- Rebuttal expert witness disclosures are due December 18, 2020

- Expert discovery cut off is January 27, 2021

Plaintiffs are willing to condense class and merits discovery into a single period if any motion for class certification (if appropriate) would not be due until after the closure of the discovery period, and the discovery would not be limited to individual facilities in which Named Plaintiffs are incarcerated.

**State Defendants' Position:** The State Defendants believe the Court should set a new trial date in the fall of 2021 and set the discovery deadline three months before the trial date. *See* Defs.' Resp. to No. 5, *supra.*

**Wellpath's Position:** January 20, 2021, as set forth in the Court's proposed Final Scheduling Order.

**(11)  Proposed deadline for filing motions other than motions for class certification.**

**Plaintiffs' Position:** Plaintiffs propose February 18, 2021, as the deadline for filing *Daubert* motions and all other motions, with the exception of motions in limine. Motions in limine should be filed by March 22, 2021. As discussed above, it would be inappropriate for Plaintiffs' motion for class discovery to be due before the deadline for discovery, which is also the deadline for class discovery, particularly given the scope of the case.

**State Defendants' Position:** The State Defendants believe the Court should set the motions deadlines consistent with its usual practice. *See* Defs.' Resp. to No. 5, *supra.*

**Wellpath's Position:** Defendant proposes, consistent with the Court's proposed Final Scheduling Order, that all motions, except motions for class certification and motions *in limine*, be filed on or before February 4, 2021. Motions *in limine* should be filed on or before March 22, 2021, and responses filed seven (7) days thereafter.

**(12)  Class certification.**

**Plaintiffs' Position:** November 27, 2020. As discussed above, Plaintiffs object to filing a motion for class certification on September 9, 2020, or at any time before the discovery period is complete.

**(13)  Defendants' Position:** Plaintiffs' motion for class certification should be filed on or before September 9, 2020, pursuant to Local Rule 26.1(13). If the Court adopts Plaintiffs' proposal to bifurcate class and fact discovery, however, then Plaintiffs should be required to file their motion for class certification shortly after the close of the class discovery period.

**Other:**

a.  **Location:**

The parties propose to maintain the trial setting of Little Rock.

b.  **Estimated trial days.**

**Plaintiffs' Position:** Plaintiffs believe seven trial days will be required.

**Defendants' Position:** Defendants believe any estimate of the number of trial days needed will be inaccurate until after the Court rules on class certification and narrows the issues for trial after ruling on dispositive motions. Defendants propose that the parties update the Court on the number of trial days needed in a pre-trial status report.

RESPECTFULLY SUBMITTED,


Samuel Spital

15

Jin Hee Lee
Natasha Merle
Omavi Shukur (Arkansas Bar No. 2016067)
Patricia Okonta
NAACP Legal Defense and Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200

Christopher Kemmitt
Ajmel Quereshi
NAACP Legal Defense and Educational Fund, Inc.
700 14th Street NW, Suite 600
Washington, DC 20005
(202) 216-5573

George H. Kendall
Jenay Nurse
Corrine Irish
Squire Patton Boggs (US) LLP
30 Rockefeller Plaza, 23rd Floor
New York, NY 10112
(212) 872-9800

Cristy Park
Disability Rights Arkansas
400 West Capitol Ave, Suite 1200
Little Rock, AR 72201
(501) 296-1775

Sarah Everett
Arkansas Civil Liberties Union Foundation, Inc.
904 W. 2nd Street, Suite One
Little Rock, AR 72202
(501) 374-2660

*Attorneys for Plaintiffs and the Putative Classes*

LESLIE RUTLEDGE
  Arkansas Attorney General

NICHOLAS J. BRONNI (2016097)
  Arkansas Solicitor General

VINCENT M. WAGNER (2019071)
  Deputy Solicitor General

ASHER STEINBERG (2019058)

Assistant Solicitor General
JENNIFER L. MERRITT (2002148)
Senior Assistant Attorney General
JERRY GARNER (2014134)
Assistant Attorney General

OFFICE OF THE ARKANSAS
  ATTORNEY GENERAL
323 Center St., Suite 200
Little Rock, AR 72201

Jennifer.Merritt@ArkansasAG.gov

*Attorneys for State Defendants*


Kirkman T. Dougherty
Arkansas Bar No. 91133
Jeffrey W. Hatfield
Arkansas Bar No. 96235
Kynda Almefty
Arkansas Bar No. 2004197

HARDIN, JESSON & TERRY, PLC
P. O. Box 10127
Fort Smith, AR 72917-0127
(479) 452-2200

*Attorneys for Wellpath, LLC*

17