IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**NICHOLAS FRAZIER,** *et al.*                                                                          **PLAINTIFFS**

**v.**            **CASE NO. 4:20-CV-00434-KGB-JJV**

**SOLOMON GRAVES,** *et al.*                                                                          **DEFENDANTS**

### ADC DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
### ON THE ISSUE OF EXHAUSTION

Defendants Solomon Graves, Dexter Payne, Benny Magness, Bobby Glover, Lee Watson, Tyronne Broomfield, John Felts, William ("Dubs") Byers, and Whitney Gass, in their official capacities (the "ADC Defendants"), for their Motion for Summary Judgment on the Issue of Exhaustion pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, state:

1. This is a putative class action alleging violations of the Eighth Amendment and Title II of the Americans with Disabilities Act (the "ADA").[1]

2. Plaintiffs Marvin Kent, Michael Kouri, Jonathan Neeley, Alfred Nickson, Trinidad Serrato, Robert Stiggers, Victor Williams, John Doe No. 1, Price Brown, Torris Richardson, Roderick Wesley, Darryl Hussey, Lee Owens, Joseph "Dallas" Head, Wesley

---

[1] The Court granted the State Defendants' motion to dismiss plaintiffs' 28 U.S.C. § 2241 claim. (Doc. No. 145 at 35).

"Grant" Bray, Jimmy Little, and John Doe No. 2[2] are inmates housed in prison facilities operated by the Arkansas Division of Correction (the "ADC").

3. Plaintiffs allege Secretary of Corrections Solomon Graves,[3] ADC Director Dexter Payne, the members of the Arkansas Board of Corrections (collectively, "the ADC Defendants"), and separate defendant Wellpath LLC, the contracted medical provider in ADC facilities, were deliberately indifferent to the risk of harm posed by the COVID-19 pandemic to the inmates in ADC custody in violation of the Eighth Amendment's prohibition of cruel and unusual punishments and failed to make reasonable accommodations required by the ADA.[4]

4. Plaintiffs seek declaratory and injunctive relief requiring Defendants to implement several social distancing, medical, and sanitation measures and want a court-appointed special master along with this Court to retain ongoing supervision and control

---

[2] The Court adopted the parties' joint stipulations of dismissal and dismissed Nicholas Frazier, Alvin Hampton, Harold S. Otwell, Aaron Elrod, Cedric Sims, and Charles Czarnetzki as plaintiffs in this case. (Doc. Nos. 110, 119).

[3] Plaintiffs named Wendy Kelley as a defendant in both their original complaint and their amended complaint. Ms. Kelley has retired, and Solomon Graves is now Secretary of Corrections. He was automatically substituted as a party for Ms. Kelley pursuant to Fed. R. Civ. P. 25(d).

[4] Plaintiffs also named Jerry Bradshaw, Director of the Division of Community Correction, Governor Asa Hutchinson, and Secretary of Health Nathaniel Smith as defendants in their Amended Class Action Complaint. (Doc. No. 84). The parties stipulated to the dismissal of Governor Hutchinson and Director Bradshaw from this action, which this Court adopted by written order. (Doc. Nos. 106, 110, 118, 119). The Court granted the Secretary of Health's motion to dismiss based on sovereign immunity on March 31, 2021. (Doc. No. 145 at 24).

over the ADC's COVID-19 response. (Doc. No. 84 at 90-93). But their claims are doomed because they failed to exhaust their available administrative remedies.

5. The Prison Litigation Reform Act requires exhaustion of all available administrative remedies before an inmate can bring suit against prison officials. 42 U.S.C. § 1997e(a).

6. The ADC provides an inmate grievance procedure which outlines the process inmates must follow to comply with the PLRA's administrative-remedies exhaustion requirement.

7. None of the Plaintiffs exhausted a grievance about the claims and allegations raised in this case before this lawsuit was filed.

8. As a result, Plaintiffs failed to exhaust their administrative remedies as required by the PLRA, and their claims must be dismissed.

9. The Court should grant Defendants' motion and dismiss Plaintiffs' claims against them as a matter of law, with prejudice.

10. Further, the Court should assess each Plaintiff a strike pursuant to 28 U.S.C. § 1915(g) because they frivolously filed this lawsuit while knowing they had not exhausted their administrative remedies, then attempted to make an end-run around the exhaustion requirement by amending their lawsuit and adding additional plaintiffs, who still had not satisfied the ADC's exhaustion procedures.

11. A Statement of Undisputed Material Facts is being filed with this motion and is incorporated by reference.

12. In further support of their motion, Defendants attach and incorporate the following exhibits by reference:

    A.     Declaration of Terri Grigsby-Brown;

    B.     Declaration of Jacqueline Michelle Padgett;

    C.     Grievance VU-20-00503 File (Marvin Kent);

    D.     Grievance CU-20-00578 File (Robert Stiggers);

    E.     Grievance CU-20-01542 File (Torris Richardson);

    F.     Grievance VU-20-00209 File (Roderick Wesley);

    G.     Grievance VU-20-00261 File (Roderick Wesley);

    H.     Grievance VU-20-00272 File (Roderick Wesley);

    I.     Grievance VU-20-00513 File (Roderick Wesley);

    J.     Grievance CU-20-00998 File (Darryl Hussey);

    K.     Grievance EA-20-00619 File (Lee Owens);

    L.     Grievance EA-20-00673 File (Lee Owens);

    M.     Grievance EA-20-00974 File (Lee Owens);

    N.     Grievance EA-20-00975 File (Lee Owens);

    O.     Grievance EA-20-01027 File (Lee Owens);

    P.     Grievance EA-20-00798 File (Lee Owens);

    Q.     Grievance MX-20-01314 File (Joseph "Dallas" Head);

    R.     Grievance MX-20-01307 File (Joseph "Dallas" Head);

    S.     Grievance GR-20-00322 File (Wesley "Grant" Bray);

    T.     Grievance RLW20-00067 File (Jimmy Little);

U. Grievance RLW20-00098 File (Jimmy Little);

V. Grievance RLW20-00086 File (Jimmy Little);

W. Grievance RLW20-00089 File (Jimmy Little);

X. Grievance RLW20-00090 File (Jimmy Little);

Y. Grievance RLW20-00091 File (Jimmy Little); and

Z. Administrative Directive 2019-34.

13. A brief in support is also being filed with this motion and is incorporated by reference.

WHEREFORE, Defendants Solomon Graves, Dexter Payne, Benny Magness, Bobby Glover, Lee Watson, Tyronne Broomfield, John Felts, William ("Dubs") Byers, and Whitney Gass, in their official capacities, pray that their Motion for Summary Judgment on the Issue of Exhaustion be granted, that Plaintiffs' amended complaint be dismissed, with prejudice, that each Plaintiff be assessed a strike pursuant to 28 U.S.C. § 1915(g), and for all other relief to which they may be entitled.

Respectfully submitted,

LESLIE RUTLEDGE
Attorney General

By: JENNIFER L. MERRITT
Ark. Bar No. 2002148
Senior Assistant Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Tel: (501) 682-1319
Fax: (501) 682-2591
Jennifer.Merritt@ArkansasAG.gov

*Attorneys for ADC Defendants*