THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**NICHOLAS FRAZIER,** *et al.*                                                                              **PLAINTIFFS**

**v.**                                          **Case No. 4:20-cv-00434-KGB**

**SOLOMON GRAVES,** *et al.*                                                                            **DEFENDANTS**

**ORDER**

Pending before the Court are matters raised by the parties in their statements concerning the status of discovery submitted per Order dated October 20, 2021, and during a status conference held on November 22, 2021 (Dkt. No. 169).

On October 27, 2021, plaintiffs served a special request for production of documents to defendants Secretary Solomon Graves, Director Dexter Payne, Chairman Benny Magness, Bobby Glover, Secretary Lee Watson, Tyronne Broomfield, John Felts, William Byers, and Whitney Gass (collectively, "the State defendants") and Wellpath, LLC ("Wellpath") seeking information related to inspections by Homer Venters, M.D., M.S. (the "Special Request") prior to Dr. Venters' inspection of facilities of the Arkansas Department of Corrections ("DOC") set to begin on December 14, 2021 (*Id.*, 1-2).  In an Order dated November 3, 2021, the Court established protocol for inspections to be conducted by Dr. Venters at DOC facilities (Dkt. No. 163).  In the Order, the Court stated that plaintiffs could seek production of documents required prior to Dr. Venters' inspection from defendants under Federal Rule of Civil Procedure 34 and that defendants could file timely responses or objections (Dkt. No. 163, ¶ 3).

After the Court entered its Order, the State defendants and Wellpath filed motions for summary judgment on the issue of exhaustion; plaintiffs moved for an extension of time to respond to the State defendants' motion for summary judgment on the issue of exhaustion; and the State

defendants responded to the plaintiffs' motion for extension of time and moved to stay discovery pending the Court's ruling on their motion for summary judgment on the issue of exhaustion (Dkt. Nos. 164; 172, ¶ 4; 173).  At the status conference, Wellpath also moved to stay discovery pending the Court's ruling on its motion for summary judgment on the issue of exhaustion.

During the November 22, 2021, status conference, the Court ruled that the parties must move forward with Dr. Venters' inspections of DOC facilities during the week of December 13, 2021, and defendants must respond to the plaintiffs' Special Request as required by the Federal Rules of Civil Procedure on or before November 29, 2021.  The Court is available to rule on any motions to compel responses to the Special Request on an expedited basis.  The Court has under advisement the remainder of defendants' motions to stay and has under advisement plaintiffs' motion for an extension of time to respond to the State defendants' motion for summary judgment on the issue of exhaustion.

Also pending before the Court are plaintiffs' concerns regarding the State defendants' production of approximately 11,900 pages of documents in ten PDFs (Dkt. No. 169, at 5-6). Plaintiffs further complain that the State defendants scanned and incorporated emails into their PDFs, but plaintiffs maintain that the State defendants did not provide the responsive documents attached to those emails (*Id*., at 6).  Plaintiffs assert that the PDF format does not comply with the requirement that defendants produce electronically stored information in native format with metadata intact (*Id*.).  Plaintiffs request that the State defendants re-produce all of the documents. Plaintiffs assert that, for paper documents, the State defendants should re-produced one PDF per document and that, for electronically-stored documents, the State defendants should produce the documents in TIFF or JPG format, with Bates numbering, with a database format of images and

natives (for Excel spreadsheets or audio/video files), with load files of a DAT file for document metadata and an OPT for images (*Id.*).

The State defendants respond that, before this issue was raised, the parties had not conferred or been asked to confer regarding an e-discovery plan (*Id.*, at 7). The State defendants also contend that the document requests at issue now did not specify the form or manner of production, although the State defendants appear to concede that plaintiffs' prior requests did specify the form or manner (*Id.*). Further, the State defendants assert that their ten PDFs complied with the requirements of Federal Rule of Civil Procedure 34(b); that it would be unduly burdensome, expensive, time consuming, unreasonably cumulative and duplicative, and disproportionate to the needs of the case to require production in a specific form or manner now; and that it would be "practically impossible for the State defendants to re-create these productions now, many of which were created from boxes of hard-copy documents gathered from (and since returned to) various units." (*Id.*, at 7-8).

The Court rejects the proposition that production of the ten PDFs in the manner described by the parties complied with the requirements of Federal Rule of Civil Procedure 34(b). State defendants concede that the original documents were gathered for discovery as paper documents, then scanned *en masse* and produced as one PDF, with no indication in the production of where one paper document ended and the second paper document started or whether an attachment referenced in the document produced was actually attached so as to be scanned in and produced itself. The Court also observes that State defendants voiced no objection to plaintiffs' prior requests that specified the form and manner of production, from which the Court infers State defendants have the ability to comply.

State defendants chose to make an electronic production. State defendants are directed to produce the original documents as they were kept in the usual course of business, meaning as the individual documents including attached attachments if appropriate. The Court orders the State defendants, within ten days of the date of this Order, to re-produce each paper document that was previously produced in ten large PDFs in a separate PDF per document. The Court further orders the State defendants, within ten days of the date of this Order, to re-produce all electronically-stored documents, such as emails or images, in the electronically stored document's native format.

So ordered this 23rd day of November, 2021.

_____
Kristine G. Baker
United States District Judge