THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**NICHOLAS FRAZIER,** *et al.*                                                                                    **PLAINTIFFS**

v.                                   Case No. 4:20-cv-00434-KGB

**SOLOMON GRAVES,** *et al.*                                                                                  **DEFENDANTS**

**ORDER**

Before the Court is the motion to compel Solomon Graves, Dexter Payne, Benny Magness, Bobby Glover, Lee Watson, Tyronne Broomfield, John Felts, William ("Dubs") Byers, and Whitney Gass, in their official capacities (the "ADC Defendants") to produce exhaustion-related discovery and for an extension of time to conduct limited exhaustion-related discovery of plaintiffs Darryl Hussey, Price Brown, Wesley Bray, Torris Richardson, Joseph Head, Lee Owens, Jimmy Little, Roderick Wesley, Marvin Kent, Michael Kouri, Jonathan Neeley, Alfred Nickson, Trinidad Serrato, Robert Stiggers, Victor Williams, and John Doe, individually and on behalf of all others similarly situated (collectively, "plaintiffs") (Dkt. No. 225). Also before the Court is plaintiffs' motion to compel Wellpath LLC ("Wellpath") to produce exhaustion-related discovery (Dkt. No. 229). For the reasons stated below, the Court grants plaintiffs' motions to compel the ADC Defendants (Dkt. No. 225), and the Court grants, in part, and denies, in part, plaintiffs' motion to compel Wellpath (Dkt. No. 229).

    **I.**    **Background**

The ADC Defendants filed a motion for summary judgment on the issue of exhaustion on November 10, 2021 (Dkt. No. 164). Wellpath filed a motion for summary judgment on the issue of exhaustion on November 19, 2021 (Dkt. No. 173). Plaintiffs requested an extension of time until the parties complete fact discovery as set forth in the Court's Final Scheduling Order to

respond to both the ADC Defendants' and Wellpath's motions for summary judgment on exhaustion (Dkt. Nos. 170, at 1-2; 182, at 1-2). In a September 12, 2022, Order, the Court granted plaintiffs an additional 45 days to conduct limited discovery on exhaustion of administrative remedies (Dkt. No. 223). The Court stated that "discovery shall be limited to the issue of exhaustion of administrative remedies occurring prior to filing this lawsuit by plaintiffs participating in this lawsuit who have not already been released from ADC custody." (*Id*., at 7).

The Court granted, in part, and denied, in part, plaintiffs' motions to extend time to respond to the motions for summary judgment of the ADC Defendants and Wellpath on the issue of exhaustion (*Id*.). The Court denied plaintiffs' motions to extend time to respond to the motions for summary judgment of the ADC Defendants and Wellpath on the issue of exhaustion until the close of discovery but granted plaintiffs' motions to extend time to respond to the motions for summary judgment of the ADC Defendants and Wellpath on the issue of exhaustion within 30 days after the close of discovery on exhaustion (*Id*.).

Plaintiffs have filed a motion to compel the ADC Defendants to produce exhaustion-related discovery and for an extension of time to conduct limited exhaustion-related discovery arguing that the ADC Defendants have ignored completely their requests for the production of relevant documents and an attempt to schedule a deposition (Dkt. No. 225, at 2). The ADC Defendants have responded in opposition to plaintiffs' motion to compel and for extension of time to conduct exhaustion-related discovery contending that under the Court's September 12, 2022, Order the plaintiffs were not entitled to the requested discovery (Dkt. No. 227). Plaintiffs have replied to the ADC Defendants' opposition to their motion to compel exhaustion-related discovery and request for extension of time to conduct limited exhaustion-related discovery (Dkt. No. 228).

Plaintiffs have also moved to compel Wellpath to produce exhaustion-related discovery arguing that Wellpath refused to provide plaintiffs with documents they requested based on Wellpath's narrow interpretation of the Court's September 12, 2022, Order (Dkt. No. 229). Defendant Wellpath has responded to the motion to compel arguing that plaintiffs' request is beyond the scope of this Court's Order, is improper, and should not be permitted (Dkt. No. 231).

## II. Plaintiffs' Motion To Compel The ADC Defendants To Produce Exhaustion-Related Discovery

Following entry of the Court's Order permitting further discovery on the issue of exhaustion, plaintiffs sought discovery of inmate grievances related to COVID-19. According to plaintiffs, the ADC Defendants ignored plaintiffs' requests for the production of relevant documents and an attempt to schedule a deposition (Dkt. No. 225, at 2; 226-1). Specifically, plaintiffs seek an Order compelling the ADC Defendants to produce "all grievances, including the results of those grievances, related to Covid-19 made by incarcerated persons in Varner, Cummins, Grimes, East Arkansas, Tucker, Ouachita, and Randall L. Williams from March 2020 to July 2020." (*Id.*, ¶ 2).

Plaintiffs assert that the ADC Defendants have a pattern of refusing to engage in any discovery (Dkt. No. 226, at 1). Counsel for plaintiffs wrote to counsel for the ADC Defendants on September 26, 2022, requesting, "all grievances, including the results of those grievances related to COVID-19 made by incarcerated persons in Varner, Cummins, Grimes, East Arkansas, Tucker, Ouachita, and Randall L. Williams—all of which housed at least one remaining named Plaintiff when the lawsuit was filed—from March 2020 to July 2020." (Dkt. No. 226-1, at 3). Counsel for plaintiffs requested that counsel for the ADC Defendants "advise [them] no later than this Friday, September 30, 2022, when [their] clients will produce this discovery." (*Id.*, at 4). Counsel for the ADC Defendants did not respond to the letter.

3

On October 6, 2022, counsel for plaintiffs emailed counsel for the ADC Defendants about deposing April Gibson, a current ADC employee and asked if counsel's office had a policy about accepting service for the depositions of third parties who are former ADC employees (Dkt. No. 226-5). As of the time of the filing of plaintiffs' motion, the ADC Defendants had not responded to the email (Dkt. No. 226, at 4).

Plaintiffs contend that State Defendants' behavior is part of an ongoing pattern of skirting their discovery obligations in this matter (*Id.*). Plaintiffs point out that this is the third time in the past year that they have sought judicial intervention with respect to the State Defendants' conduct during discovery (*Id.*). Plaintiffs argue that the ADC Defendants and Wellpath cannot simply decline to participate in discovery (*Id.*, at 5-6). Plaintiffs contend that the Court ordered the parties to continue with exhaustion-related discovery, and "the State Defendants have no right to halt discovery on their own" (*Id.*, at 7). Plaintiffs point to Federal Rule of Civil Procedure 26(b)(2)(C) which provides that "[w]hen required" the Court *not* the parties "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule" (*Id.*). Plaintiffs contend that the State Defendants' objections to their requests for production are without merit and provide no basis for withholding the requested material (*Id.*).

Plaintiffs maintain that the State Defendants objected to the material sought by raising two general objections: (1) that the material sought is "not relevant to any party's claim or defense;" and (2) that plaintiffs' request was too "broad," "burdensome," and "disproportionate to the needs of the case" (*Id.*, at 7-8). As to the relevance argument the ADC defendants raise, plaintiffs acknowledge that the ADC Defendants have chosen to raise exhaustion as an affirmative defense. Plaintiffs note that, having done so, the Court has acknowledged previously that plaintiffs are entitled to explore "whether the administrative remedies offered by defendants [were]

4

'unavailable' or 'not capable of use' [at the time this lawsuit was brought] as interpreted by the Supreme Court." (*Id.*, at 8 citing Dkt. No. 68, at 51 (quoting *Ross v. Blake*, 578 U.S. 632, 643 (2016) (other citations omitted)). Plaintiffs maintain that this discovery request is relevant to the facts of whether the grievance policy was available. Plaintiffs contend that COVID-related grievances and the results of those grievances are the best available evidence of whether and how the ADC Defendants' grievance system was working during the early days of the pandemic and those grievances are highly relevant to the resolution of the ADC Defendants' affirmative defense (*Id.*, at 9).

As to the ADC Defendants' claim that the request is overly broad, unduly burdensome, and disproportionate to the needs of the case, plaintiffs state that they have pared down the various request for production at issue to a single request that the ADC Defendants provide "all grievances, including the results of those grievances, related to COVID-19 made by incarcerated persons in Varner, Cummins, Grimes, East Arkansas, Tucker, Ouachita, and Randall L. Williams—all of which housed at least one remaining named Plaintiff when the lawsuit was filed—from March 2020 to July 2020." (*Id.*, at 9-10). Plaintiffs argue that this request involves a much shorter period of time, a smaller number of facilities, and a narrower category of documents than plaintiffs' initial requests (*Id.*, at 10). Plaintiffs further contend that the ADC Defendants' boilerplate objections are vague and lack the requisite specificity needed to state an adequate objection (*Id.*). Further, plaintiffs maintain that the ADC Defendants' complaint that they would need to review thousands of grievances in order to comply with plaintiffs' request is not sufficient because the ADC Defendants do not assert that plaintiffs could obtain the requested information from some other more convenient source nor do the ADC Defendants provide the Court with an estimate of the financial burden, they would incur by producing the requested information (*Id.*, at 10-11).

5

Plaintiffs assert that their request is narrowly tailored to seek highly relevant information that the ADC Defendants put at issue by raising exhaustion as an affirmative defense and the ADC Defendants cannot now shield the information from plaintiffs (*Id.*, at 11).

In their response to the motion to compel, the ADC Defendants acknowledge plaintiffs' request for all grievances related to COVID-19 by incarcerated persons housed at one of the facilities where one remaining plaintiff was housed when the lawsuit was filed from March 2020 to July 2020 (Dkt. No. 227, ¶ 5). The ADC Defendants assert, however, that this Court in its September 12, 2022, Order limited discovery to "the issue of exhaustion of administrative remedies occurring prior to filing this lawsuit by plaintiffs participating in this lawsuit who have not already been released from ADC custody." (*Id.*, ¶ 2). The ADC Defendants argue that plaintiffs request documents related to incarcerated persons other than plaintiffs and that plaintiffs are "shopping for substitutes for the named plaintiffs who have not properly exhausted their grievances." (*Id.*, ¶ 6). The ADC Defendants also state that "Plaintiffs' apparent theory now is whether the ADC's grievance system was available, a theory they could have pursued in discovery since this case was filed almost thirty months ago." (*Id.*, ¶ 7). The ADC Defendants assert that they attached to their motion for summary judgment on exhaustion all of the grievances filed by the named plaintiffs in the lawsuit who filed grievances and plaintiffs have not contended that they are missing any documents relevant to the remaining incarcerated plaintiffs' grievances that were filed before the lawsuit was filed and so the Court should deny plaintiffs' attempts to circumvent the Court's Order limiting discovery (*Id.*, ¶¶ 10, 13).

Plaintiffs reply that the ADC Defendants' principal argument in opposition is that plaintiffs' request falls outside of this Court's September 12, 2022, Order which stated that discovery shall be limited to the issue of exhaustion of administrative remedies occurring prior to

the filing of this lawsuit by plaintiffs (Dkt. No. 228, at 2). Plaintiffs point out that in the ADC Defendants' view the only documents relevant to whether plaintiffs successfully exhausted their grievances are plaintiffs' grievances themselves (*Id*.). Plaintiffs again argue that this is belied by the precedent of the United States Supreme Court, this Court's prior decisions and even the ADC Defendants' own motion for summary judgment all of which make clear that plaintiffs must only exhaust remedies that are available (Dkt. No. 228). *See Ross v. Blake*, 578 U.S. 632, 636 (2016). Plaintiffs contend that this Court discussed that under the PLRA a prisoner need only exhaust the remedies that are available in its Order denying plaintiffs' motions for preliminary injunctions (Dkt. No. 68, at 45; 28, at 61). Plaintiffs point out that the ADC Defendants address availability of administrative remedies in their pending motion for summary judgment (Dkt. No. 166, at 23-25).

Plaintiffs also refute the ADC Defendants' assertion that they are requesting the grievances in an attempt to find new plaintiffs before the statute of limitations runs or to file a new lawsuit with new plaintiffs (Dkt. No. 228, at 3). Plaintiffs contend that they are only requesting the grievance documents because the ADC Defendants chose to raise exhaustion as an affirmative defense and moved for summary judgment on that ground and the grievance documents provide evidence of whether the ADC's administrative grievance process was practically available for use (*Id*., at 3-4).

As to the ADC Defendants' claim that the availability of the grievance process is a new theory, plaintiffs point out that they raised the question of availability of the grievance procedure in their reply to the ADC Defendants' preliminary injunction opposition in May 2020 and also in their reply to the ADC Defendants' second preliminary injunction opposition in January 2022. Plaintiffs also point out that they are not seeking new discovery but instead are seeking a portion

7

of the material that plaintiffs requested in 2020 and 2021 that the ADC Defendants have continually refused to turn over in discovery in this case.

Finally, in their response, the ADC Defendants acknowledged that plaintiffs' counsel requested to coordinate the deposition of Ms. Gibson, who is not a named party, and other unnamed ADC employees and former employees between October 24-27, 2022 (Dkt. No. 227, ¶ 12). The ADC Defendants state that the declarant for the ADC Defendants' motion for summary judgment, Terri Grigsby Brown is Ms. Gibson's supervisor (*Id.*).[1]

In their reply, plaintiffs emphasize that the ADC Defendants raise no legal objection to plaintiffs' request to depose Ms. Gibson and that the ADC Defendants offer no explanation for their failure to respond previously to plaintiffs' request to schedule this and other depositions. Plaintiffs argue that, to the extent that the ADC Defendants would prefer plaintiffs to depose Ms. Gibson's supervisor, Ms. Brown, plaintiffs have not noticed a deposition pursuant to Federal Rule of Civil Procedure 30(b)(6), which would allow the ADC Defendants to designate the relevant officer or officers who would testify. Instead, plaintiffs seek to depose a specific ADC employee as they are entitled to do under Federal Rule of Civil Procedure 30.

---

[1] The Court notes that at times in this litigation defendants have taken the position that plaintiffs cannot compel third party employees to appear for deposition without a valid subpoena under Federal Rule of Civil Procedure 45 (Dkt. Nos. 132, at 2; 133, ¶ 11). The ADC Defendants have also taken the position in this litigation that nonsupervisory Department of Correction ("DOC") employees are essentially represented parties in this lawsuit, and the Court has agreed due to the possibility of vicarious liability under at least Title II of the ADA (Dkt. No. 149, at 44). In its September 30, 2021, Order, the Court invited the ADC Defendants and Wellpath to explain their positions on these issues within 14 days from entry of the Order (Dkt. No. 149). Neither the ADC Defendants nor Wellpath have filed a brief explaining their position on these issues, and the time for doing so has passed. Further, the ADC Defendants in their brief in response to plaintiffs' motion to compel have not objected to scheduling Ms. Gibson's deposition on grounds that plaintiffs have not subpoenaed Ms. Gibson under Federal Rule of Civil Procedure 45.

The Court agrees that plaintiffs' request for production of the grievance documents falls squarely within this Court's September 12, 2022, Order limiting discovery to the issue of exhaustion of administrative remedies occurring prior to filing this lawsuit by plaintiffs participating in this lawsuit who have not already been released from ADC custody because it is relevant to the availability of exhaustion of administrative remedies to the plaintiffs participating in this lawsuit from March 2020 to July 2020. Accordingly, the Court grants plaintiffs' motion to compel the ADC Defendants to provide all grievances, including the results of those grievances, related to COVID-19 made by incarcerated persons in Varner, Cummins, Grimes, East Arkansas, Tucker, Ouachita, and Randall L. Williams—all of which housed at least one remaining named Plaintiff when the lawsuit was filed—from March 2020 to July 2020. The ADC Defendants shall have 14 days from the date of this Order to provide all of the responsive documents to plaintiffs.

The Court also grants plaintiffs' motion to compel the ADC Defendants to produce Ms. Gibson for deposition. Based on the record before the Court, Ms. Gibson is an ADC Inmate Grievance Supervisor for the Cummins Unit of the ADC, a facility where a named plaintiff was housed at the time this lawsuit was filed (Dkt. No. 36-41, ¶ 1). Additionally, Ms. Gibson provided a declaration in this case (*Id.*). If the ADC Defendants take the position that they are unable to produce Ms. Gibson for deposition, the ADC Defendants shall have seven days from the entry of this Order to inform the Court in a written filing of that position.

### III. Plaintiffs' Motion To Compel Wellpath To Produce Exhaustion-Related Discovery

Before the Court is plaintiffs' motion to compel Wellpath to produce "all grievances, including the results of those grievances related to Covid-19 made by incarcerated persons in Varner, Cummins, Grimes, East Arkansas, Tucker, Ouachita, and Randall L. Williams from March 2020 to July 2020" (Dkt. No. 229, ¶ 1). On September 27, 2022, after the Court Ordered the parties

9

to engage in limited discovery related to exhaustion, plaintiffs sent Wellpath a letter requesting grievances related to COVID at specific facilities where at least one remaining named plaintiff was housed when the lawsuit was filed from March 2020 to July 2020 (*Id.*, at 2). Plaintiffs contend that the letter explained that plaintiffs believed that Wellpath's previous objections to producing the requested documents were legally meritless (*Id.*). On October 7, 2022, counsel for Wellpath replied that it was working on getting the documents (Dkt. No. 230-4). On October 14, 2022, counsel for Wellpath wrote to counsel for plaintiffs that they were only providing the medical grievances maintained by Wellpath that were submitted by plaintiffs Wesley Bray, Joseph Head, and Jonathan Neeley because "[t]he Court's Order permits discovery solely as to 'the issue of exhaustion of administrative remedies occurring prior to filing this lawsuit by plaintiffs participating in this lawsuit who have not already been released from ADC custody.'" (Dkt. No. 230-5).

Plaintiffs contend that Wellpath's refusal to produce documents is part of an ongoing pattern of stonewalling discovery in this matter (*Id.*). Plaintiffs point out that Wellpath has not produced a single email or email attachment in response to any request for production despite plaintiffs' ten attempts in letters and emails to meet and confer to resolve the issue with Wellpath and even after Wellpath represented to the Court in a Joint Position Statement on November 15, 2021, that it was "conducting a search of e-mails and will produce responsive documents." (Dkt. No. 230, at 4).

Plaintiffs argue that Wellpath cannot decline to participate in discovery (*Id.*, at 4-5). Plaintiffs maintain that Wellpath's position that the only documents relevant to whether plaintiffs successfully exhausted their grievances are the plaintiffs' grievances themselves is belied by the United States Supreme Court's precedent which makes clear that a "prisoner need not exhaust

remedies if they are not 'available.'" (*Id*., at 5 citing *Ross v. Blake*, 578 U.S. 632, 636 (2016); *see also id*. at 638). Plaintiffs point out that the Court twice rejected motions for preliminary injunctions on exhaustion grounds noting that factual disputes existed regarding whether and to what extent the ADC's administrative remedies were available to plaintiffs (*Id*.). Plaintiffs argue that Wellpath's effort to construe the Court's Order as excluding evidence of unavailability is frivolous and must be rejected (*Id*., at 6).

Wellpath contends that plaintiffs request information that is outside the scope of the Order of the Court because they sought grievances related to all incarcerated individuals and not plaintiffs (Dkt. No. 231, at 1-2). Wellpath asserts that the Court's Order was very specific that discovery was limited to the issue of exhaustion of administrative remedies occurring prior to the filing of this lawsuit by plaintiffs participating in this lawsuit (*Id*., at 2). Wellpath contends that they have produced inmate grievances that were submitted through the grievance process for plaintiff inmates that remained in ADC custody and medical records for named plaintiffs (*Id*.). Wellpath maintains that plaintiffs' request for all grievances by incarcerated persons is beyond the scope of discovery permitted by this Court's Order and is improper (*Id*.).

Wellpath also objects that grievances related to all incarcerated individuals conflicts with its duty to maintain confidentiality of a patient's personal information and medical records and is prohibited from disclosing protected health information without a patient's written consent (*Id*., at 3 citing 45 C.F.R. §§ 164.502(b) and 164.514(d)). Wellpath asserts that plaintiffs are attempting to gain impermissibly access to records of putative class members making the protections afforded by Health Insurance Portability and Accountability Act of 1996 ("HIPAA") especially important (*Id*.). Finally, Wellpath argues that the term "grievances" is overbroad and vague because it could refer to any complaint or concern made by a patient (*Id*., at 3).

As set forth above, the Court finds that plaintiffs' requests for production of grievance documents to Wellpath falls squarely within this Court's September 12, 2022, Order limiting discovery to the issue of exhaustion of administrative remedies occurring prior to filing this lawsuit by plaintiffs participating in this lawsuit who have not already been released from ADC custody because it is relevant to the availability of exhaustion of administrative remedies to the plaintiffs participating in this lawsuit from March 2020 to July 2020.  Accordingly, Wellpath must generally turn over grievance documents in its possession of all incarcerated individuals related to COVID-19 from March 2020 to July 2020 as requested by plaintiffs.  Additionally, in this case, the term "grievance" is not overbroad or vague.  Wellpath has raised exhaustion of administrative remedies as an affirmative defense in this matter.  Specifically, Wellpath has filed a motion for summary judgment based on certain plaintiffs' failure to file or failure to exhaust medical grievances under the ADC's grievance policy related to COVID-19 (Dkt. No. 173).  Wellpath cannot now claim that it does not understand the term "grievance" in the context of discovery in this case.

The Court understands, however, that Wellpath has obligations under HIPAA to maintain the confidentiality of a patient's personal information and medical records and is prohibited from disclosing protected health information.  For these reasons, at this time and on the record before it, the Court grants, in part, and denies in part plaintiffs' motion to compel.  The Court grants plaintiffs' motion to compel Wellpath to provide to plaintiffs all grievances, including the results of those grievances, related to COVID-19 made by incarcerated persons in Varner, Cummins, Grimes, East Arkansas, Tucker, Ouachita, and Randall L. Williams—all of which housed at least one remaining named Plaintiff when the lawsuit was filed—from March 2020 to July 2020 but only to the extent the grievance does not contain protected health information, the patient has signed a waiver, or satisfactory protections have been made through a protective order in this

litigation to address HIPAA concerns to release the grievance information sought by plaintiffs. Wellpath shall have 14 days from the date of this Order to provide all of the responsive documents to plaintiffs. To the extent Wellpath believes it is unable to comply with these obligations to produce responsive documents to plaintiffs, Wellpath must within 14 days from the date of this Order submit documents to the Court *ex parte*, under seal responsive to plaintiffs' discovery request along with a written filing made *ex parte*, under seal explaining Wellpath's concern and position with respect to each document.

**IV.     Plaintiffs' Motion For An Extension Of Time To Conduct Limited Exhaustion-Related Discovery**

Also before the Court is plaintiffs' motion to extend the close of discovery until 45 days after defendants collectively complete document production and to extend the due date for plaintiffs to respond to defendants' motions for summary judgment until 30 days after the close of discovery (Dkt. Nos. 225, ¶¶ 3-4; 229, ¶¶ 2-3). Because at this time the Court grants, in part, and denies, in part, plaintiffs' motions to compel the Court grants plaintiffs' motion to extend the close of discovery until 45 days after defendants collectively complete document production as required by this Order. The Court continues to stay all other discovery. If plaintiffs determine that certain of their discovery requests relate to exhaustion yet ADC Defendants and Wellpath disagree and refuse to respond, plaintiffs may renew their motion to compel in a separate filing raising these issues with the Court seeking appropriate consideration and, if necessary, a further extension of time to complete limited discovery on the issue of exhaustion to account for the delay. The Court also grants plaintiffs' motion to extend the due date for plaintiffs to respond to defendants' motions for summary judgment until 30 days after the close of limited discovery on the issue of exhaustion.

**V.     Conclusion**

The Court rules as follows:

1. The Court grants plaintiffs' motion to compel the ADC Defendants to produce all grievances, including the results of those grievances, related to COVID-19 made by incarcerated persons in Varner, Cummins, Grimes, East Arkansas, Tucker, Ouachita, and Randall L. Williams—all of which housed at least one remaining named Plaintiff when the lawsuit was filed—from March 2020 to July 2020. The ADC Defendants shall produce the documents within 14 days of the date of this Order.

2. The Court grants plaintiffs' motion to compel the ADC Defendants to produce April Gibson for deposition within the 45-day discovery period following the completion of document production. If the ADC Defendants take the position that they are unable to produce Ms. Gibson for deposition, the ADC Defendants shall have seven days from the entry of this Order to inform the Court in a written filing of that position.

3. The Court grants, in part, and denies, in part, plaintiffs' motion to compel Wellpath to produce all grievances, including the results of those grievances, related to COVID-19 made by incarcerated persons in Varner, Cummins, Grimes, East Arkansas, Tucker, Ouachita, and Randall L. Williams—all of which housed at least one remaining named Plaintiff when the lawsuit was filed—from March 2020 to July 2020 to the extent a patient has signed a waiver or satisfactory protections have been made through a protective order in this litigation to address HIPAA concerns to release the grievance information sought by plaintiffs. Wellpath shall produce the responsive documents within 14 days of the date of this Order. To the extent Wellpath believes it is unable to comply with these obligations to produce responsive documents to plaintiffs, Wellpath must within 14 days from the date of this Order submit documents to the Court *ex parte*, under seal responsive to plaintiffs' discovery request along with a written filing made *ex parte*, under seal explaining Wellpath's concern and position with respect to each document.

4.	The Court grants plaintiffs' motion to extend the close of discovery until 45 days after defendants collectively complete document production as required by this Order.

5.	The Court grants plaintiffs' motions to extend time to respond to the motions for summary judgment of the ADC Defendants and Wellpath on the issue of exhaustion until 30 days after the close of discovery on exhaustion as set forth in this Order.

6.	The ADC Defendants and Wellpath shall have 21 days from the date plaintiffs' response brief is filed to file a reply, should they choose to do so, in support of their motions for summary judgment.

7.	The Court continues to grant a stay of all other discovery at this time.

So ordered this 30th day of January, 2023.

*Kristine G. Baker*

Kristine G. Baker
United States District Judge