# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF ARKANSAS, CENTRAL DIVISION

| | | |
|---|---|---|
| FRAZIER *et al.* | ) | |
| | ) | Hon. Kristine G. Baker |
| Plaintiffs, | ) | |
| v. | ) | Case No. 4:20-cv-434 (KGB) |
| | ) | |
| GRAVES *et al.* | ) | **PLAINTIFFS' MOTION FOR** |
| | ) | **SANCTIONS AGAINST** |
| Defendants. | ) | **DEFENDANT WELLPATH** |
| | ) | |
| | ) | |
| | ) | |

**TO:** Wellpath LLC
c/o Kynda Almefty, Esq.
Hardin, Jesson, and Terry, PLC
1401 W. Capitol Ave., Suite 190
Little Rock, Arkansas 72212

Pursuant to this Court's inherent authority and Local Rule 7.2, Plaintiffs, by their undersigned counsel, hereby move for an Order:

(1) Imposing the sanction of compensatory attorney's fees on Wellpath;

(2) Requiring Plaintiffs to submit a fee calculation with supporting documentation and declarations; and

(3) Striking Wellpath's non-merits based motion for summary judgment on the issue of exhaustion of administrative remedies; and

(4) Granting such other and further relief as the Court deems just and proper.

As set forth in detail in Plaintiffs' Memorandum of Law in Support, filed herewith, the relief Plaintiffs seek is reasonable and well within the Court's power to direct. This Court possesses the inherent authority to sanction Wellpath. *See, e.g.*, *Goodyear Tire & Rubber Co. v. Haeger*, 581

U.S. 101, 107 (2017). Sanctions may be imposed when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991) (internal quotations and citations omitted). And a party "shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court['s] order." *Id.* at 46 (footnote and citation omitted).

The facts make clear that Wellpath has delayed and disrupted this litigation from the very beginning of discovery until the present, and their bad faith conduct can be divided into five critical categories. First, Wellpath withheld all emails and email attachments without telling Plaintiffs, and then continued to withhold them despite promising both the Court and Plaintiffs that it would produce the documents. Second, Wellpath withheld myriad categories of documents on meritless legal grounds in response to each of Plaintiffs' requests for production and to the mandatory initial disclosures required by Federal Rule of Civil Procedure 26(a). Third, Wellpath repeatedly sought to stall these proceedings and avoid its discovery obligations by filing dilatory and/or meritless motions. Fourth, Wellpath sought to dismiss this action on exhaustion grounds while withholding documents that Plaintiffs needed—and this Court ordered Wellpath to provide—in order to respond to Wellpath's motion. And fifth, Wellpath sought to bar Plaintiffs from obtaining non-documentary discovery by impeding Plaintiffs' efforts to take depositions and investigate DOC facilities.

Throughout the litigation, Plaintiffs have attempted to confer in good faith with Wellpath on these issues, but it has become clear that no compliance will be had from Wellpath without the Court's intervention. *See* L.R. 7.2(g).

Dated: June 7, 2023

                Respectfully submitted,

                **NAACP LEGAL DEFENSE AND**
                   **EDUCATIONAL FUND, INC.**

**By:**    **Christopher Kemmitt**
             DC Bar No. 982185
             700 14th Street NW, Suite 600
             Washington, DC 20005
             Telephone: (202) 216-5573
             *and*
                  Amber Koonce
             700 14th Street NW, Suite 600
             Washington, DC 20005
             *and*
                  Samuel Spital
                  Jin Hee Lee
                  Adam Murphy
                  Victor Genecin
             40 Rector Street, 5th Floor
             New York, NY 10006
             Telephone: (212) 965-2200

             **SQUIRE PATTON BOGGS (US) LLP**
**By:**    George H. Kendall
                  Corrine Irish
                  Nicola Cohen
             1211 Avenue of the Americas
             New York, NY 10036
             Telephone: (212) 872-9800

             **INITIATIVE FOR A JUST SOCIETY**
**By:**    Omavi Shukur
             435 West 116th Street Rm. 605
             New York, NY 10027
             Telephone: (212) 854-2619

             **DISABILITY RIGHTS ARKANSAS**
**By:**    Thomas Nichols
             400 West Capitol Ave, Suite 1200
             Little Rock, AR 72201
             Telephone: (501) 296-1775

- 4 -

                    **ARKANSAS CIVIL LIBERTIES UNION FOUNDATION, INC.**

By:    Sarah Everett
904 W. 2nd Street, Suite One
Little Rock, AR 72202
Telephone: (501) 374-2660

*Attorneys for Plaintiffs and the Putative Classes*

**CERTIFICATE OF SERVICE**

I certify that on June 7, 2023, I filed the foregoing document electronically via the Court's CM/ECF system, which will send a copy to all counsel of record.

<u>/s/ Christopher Kemmitt</u>
Christopher Kemmitt
NAACP Legal Defense and Educational Fund, Inc.
700 14th Street NW, Suite 600
Washington, DC 20005
Telephone: (202) 216-5573