IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS, CENTRAL DIVISION

| | |
|---|---|
| FRAZIER, *et al.*  )<br>  )<br>　　　　Plaintiffs,　)<br>　　v.　　　　　　)<br>　　　　　　　　　)<br>GRAVES, *et al.*　　)<br>　　　　　　　　　)<br>　　　　Defendants.　)<br>　　　　　　　　　)<br>　　　　　　　　　)<br>　　　　　　　　　) | Hon. Kristine G. Baker<br><br>Case No. 4:20-cv-434 (KGB) |

**JOINT MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY LIMITED DISCOVERY DEADLINE**

Plaintiffs and ADC Defendants respectfully submit this memorandum of law in support of their joint motion to stay the limited discovery deadline as to the Plaintiffs and the ADC Defendants in order to help facilitate settlement negotiations (ECF No. 256).

**STATEMENT OF FACTS**

1.　In an order dated September 12, 2022, the Court "grant[ed] plaintiffs an additional 45 days in which to conduct limited discovery solely on the issue of exhaustion of administrative remedies." Order at 5, ECF No. 223. The Court also granted plaintiffs "an additional 30 days" from the end of the limited discovery period "to file their response to the ADC Defendants' and Wellpath's motions for summary judgment," and granted the ADC Defendants and Wellpath "21 days from the date plaintiffs' response brief is filed to file a reply . . . in support of their motions for summary judgment." *Id.* at 5, 7.

2.　That order further held that "[i]f plaintiffs determine that certain of their discovery requests relate to exhaustion yet ADC Defendants and Wellpath disagree and refuse to respond, plaintiffs may renew their motion to compel in a separate filing raising these issues with the Court seeking

appropriate consideration and, if necessary, a further extension of time to complete limited discovery on the issue of exhaustion to account for the delay." *Id.* at 6.

3.     Following the issuance of that order, Plaintiffs filed motions to compel the production of Covid-19 related grievances against the State Defendants (ECF No. 225) and Wellpath (ECF No. 229), and sought to "extend[] the close of discovery until 45 days after the Defendants collectively complete document production." Pls. Mot. to Compel at 2, ECF No. 225; Pls. Mot. to Compel at 1, ECF No. 229 (same).

4.     On January 30, 2023, the Court granted Plaintiffs' motions to compel with respect to the ADC Defendants and granted, in part, and denied, in part, Plaintiffs' motion to compel Wellpath. Order at 14, ECF No. 235. Specifically, Wellpath was ordered to produce "all grievances, including the results of those grievances, related to COVID-19 . . . to the extent a patient has signed a waiver or satisfactory protections have been made through a protective order in this litigation to address HIPAA concerns to release the grievance information sought by plaintiffs." *Id*.

5.     As part of that order, the Court also "grant[ed] plaintiffs' motion to extend the close of discovery until 45 days after defendants collectively complete document production as required by this Order." *Id.* at 15.

6.     On March 27, 2023, in response to Wellpath's continued withholding of responsive grievances, Plaintiffs filed another motion to compel Wellpath to produce exhaustion-related discovery. Pls. Mot. to Compel, ECF No. 244.

7.     On September 12, 2023, the Court granted Plaintiffs' motion to compel Wellpath to produce exhaustion-related discovery. Order, ECF No. 255.

8.     On September 22, 2023, Wellpath produced Covid-19 related grievances, marking the period when—consistent with the Court's January 30 Order— "defendants collectively

complete[d] document production," triggering the start of the 45 day clock.[1] Pls. Mot. to Compel at 15, ECF No. 235; *see also* Mot. to Compel at 7, ECF No. 223.

9.  Thus, the deadline for limited discovery is on November 6, 2023 (45 days after September 22, 2023); Plaintiffs' brief opposing summary judgment is due on December 6, 2023 (30 days after November 6, 2023); and Defendants' reply is due on December 27, 2023 (21 days after December 6, 2023).

## ARGUMENT

10. Under Fed. R. Civ. P. 26(c), a district court may stay discovery upon a showing of good cause. *See, e.g.,* Order Granting Mot. to Stay Discover at 4, *Danger v. Nextep Funding, LLC*, No. 18-cv-567 (SRN/LIB), 2019 WL 4917181, at *2 (D. Minn. Jan. 22, 2019) (citing Fed. R. Civ. P. 26(c); *TE Connectivity Networks Inc. v. All Systems Broadband, Inc.*, No. 13-cv-1356 (ADM/FLN), 2013 WL 4487505, at *1 (D. Minn. Aug. 20, 2013)).

11. In addition, a district court has the inherent power to stay the proceedings of an action, "so as to control [its] docket, to conserve judicial resources, and to provide for the just determination of cases which pend before [it]." *Id.* (quoting *Kemp v. Tyson Seafood Grp., Inc.*, 19 F. Supp. 2d 961, 964 (D. Minn. 1998)); *accord Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for litigants, and for counsel.") (citations omitted); *see also* Fed. R. Civ. P. 1 ("[The Rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

---

[1] Plaintiffs are in the process of reviewing Wellpath's recent production of Covid-19 related grievances and reserve the right to challenge its completeness.

12. A stay of discovery is especially common and practical when—as here—the parties are approaching a resolution. *See, e.g.,* Order, *Nichols v. First Data Resources, LLC*, No. 8:18-CV-378, 2019 WL 5538051, at *1 (D. Neb. Oct. 25, 2019) ("Further case progress deadlines and discovery are stayed while the parties discuss settlement"); *Stainbrook v. Minn. Dept of Pub. Safety*, 239 F. Supp3d. 1123, 1127 (D. Minn. 2017) ("A stay of these proceedings permits the parties to seek a mutually agreeable resolution without the need for litigation"); *Douglas v. First Student, Inc.*, No. 4:09-CV-00652, 2010 WL 3952261, at *1 (E.D. Ark. Oct. 7, 2010) ("The Court then granted several joint motions to stay discovery to allow the parties to attempt to negotiate a settlement.").

13. The Plaintiffs and ADC Defendants are deep into good faith settlement negotiations and could benefit from additional time to advance and finalize those negotiations without the press of an imminent discovery deadline. This Court should grant the joint motion to stay the limited discovery deadline because it would help facilitate a settlement agreement, which will conserve judicial resources and permit the parties to seek a mutually agreeable resolution.

WHEREFORE, for the foregoing reasons, the Plaintiffs and ADC Defendants request that the Court grant the joint motion and stay the limited discovery deadline.

Dated: October 30, 2023                               Respectfully submitted,

**Christine A. Cryer**                                **NAACP LEGAL DEFENSE AND**
Ark. Bar No. 2001082                                  **EDUCATIONAL FUND, INC.**
Senior Assistant Attorney General                     **Christopher Kemmitt**
323 Center Street, Suite 200                          DC Bar No. 982185
Little Rock, Arkansas 72201                           700 14th Street NW, Suite 600
Telephone: (501) 682-2029                             Washington, DC 20005
Facsimile: (501) 682-2591                             Telephone: (202) 216-5573
Christine.Cryer@ArkansasAG.gov                        *and*
                                                               Amber Koonce
*Attorney for ADC Defendants*                         700 14th Street NW, Suite 600
                                                      Washington, DC 20005
                                                      *and*
                                                               Samuel Spital
                                                               Jin Hee Lee
                                                               Adam Murphy
                                                               Victor Genecin
                                                      40 Rector Street, 5th Floor
                                                      New York, NY 10006
                                                      Telephone: (212) 965-2200

                                                      **SQUIRE PATTON BOGGS (US) LLP**
                                                      George H. Kendall
                                                               Corrine Irish
                                                               Nicola Cohen
                                                      1211 Avenue of the Americas
                                                      New York, NY 10036
                                                      Telephone: (212) 872-9800


                                                      **INITIATIVE FOR A JUST SOCIETY**
                                                      Omavi Shukur
                                                      435 West 116th Street Rm. 605
                                                      New York, NY 10027
                                                      Telephone: (212) 854-2619

                                                      **DISABILITY RIGHTS ARKANSAS**
                                                      Thomas Nichols
                                                      400 West Capitol Ave, Suite 1200
                                                      Little Rock, AR 72201
                                                      Telephone: (501) 296-1775

                                                      **ARKANSAS CIVIL LIBERTIES UNION**
                                                      **FOUNDATION, INC.**
                                                      Sarah Everett

- 6 -

904 W. 2nd Street, Suite One  
Little Rock, AR 72202  
Telephone: (501) 374-2660

*Attorneys for Plaintiffs and the Putative Classes*

## CERTIFICATE OF SERVICE

I certify that on October 30, 2023, I filed the foregoing document electronically via the Court's CM/ECF system, which will send a copy to all counsel of record.

/s/ Christopher Kemmitt
Christopher Kemmitt
NAACP Legal Defense and Educational Fund, Inc.
700 14th Street NW, Suite 600
Washington, DC 20005
Telephone: (202) 216-5573
