THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**NICHOLAS FRAZIER,** *et al.*                                                                                  **PLAINTIFFS**

**v.**                                     **Case No. 4:20-cv-00434-KGB**

**SOLOMON GRAVES,** *et al.*                                                                                **DEFENDANTS**

## ORDER

Before the Court are plaintiffs Darryl Hussey, Price Brown, Wesley Bray, Torris Richardson, Joseph Head, Lee Owens, Jimmy Little, Roderick Wesley, Marvin Kent, Michael Kouri, Jonathan Neeley, Alfred Nickson, Trinidad Serrato, Robert Stiggers, Victor Williams, and John Doe, individually and on behalf of all others similarly situated (collectively, "plaintiffs"), and defendants Solomon Graves, Dexter Payne, Benny Magness, Bobby Glover, Lee Watson, Tyronne Broomfield, John Felts, William ("Dubs") Byers, and Whitney Gass in their official capacities' (the "ADC Defendants") joint motion to stay limited discovery deadline and plaintiffs' motion to extend time to respond to Wellpath's motion for summary judgment on the issue of exhaustion (Dkt. Nos. 256, 258). The plaintiffs and the ADC Defendants state that staying the limited discovery deadline in this case as it applies to them allows them to continue negotiating a settlement agreement (Dkt. No. 256, ¶ 1). Plaintiffs and the ADC Defendants maintain that they could benefit from some additional time to advance and finalize settlement negotiations without the press of an imminent discovery deadline (*Id.*, at 2). For good cause shown, the Court grants plaintiffs and the ADC Defendants' joint motion to stay limited discovery deadline (Dkt. No. 256). The Court stays the limited discovery deadline as to plaintiffs and the ADC Defendants for 90 days from the date of this Order at which time plaintiffs and ADC Defendants shall file a joint status report that advises the Court on their progress toward reaching a settlement and states whether the

parties request a continuation of the stay. If the parties are unable to reach consensus to prepare and submit a joint status report, the plaintiffs and ADC Defendants may each submit a status report to the Court.

Also before the Court is plaintiffs' motion to extend time to respond to Wellpath's motion for summary judgment on the issue of exhaustion due to the plaintiffs and ADC Defendants' joint motion to stay limited discovery and plaintiffs' desire to conserve the Court's resources, permit ongoing settlement negotiations with the ADC Defendants to continue unimpeded, and allow plaintiffs to respond to Wellpath's motion for summary judgment after completing discovery as to the ADC Defendants (Dkt. No. 258). Plaintiffs' counsel asked Wellpath's counsel whether it would agree to move jointly for a temporary stay of the summary judgment deadlines on November 8, 2023, but counsel for Wellpath did not respond to that inquiry (Dkt. No. 258, at n.1). On the morning of November 16, 2023, plaintiffs' counsel asked for Wellpath's position regarding plaintiffs' request for an extension of time to respond to Wellpath's motion for summary judgment, but Wellpath's counsel had not responded as of the time that plaintiffs' file their motion to extend time (*Id*.). For good cause shown, the Court grants plaintiffs' motion to extend time to respond to Wellpath's motion for summary judgment on the issue of exhaustion (Dkt. No. 258). The time for plaintiffs to respond to Wellpath's motion for summary judgment on the issue of exhaustion is extended to, and including, February 6, 2024.

So ordered this 20th day of November, 2023.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge